UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JAIME E CASTANEDA, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. H-11-1463 |
| | § | |
| U.S. DEPT OF JUSTICE, *et al*, | § | |
| | § | |
| Defendants. | § | |

## OPINION AND ORDER

Pending before the Court is Plaintiff Jaime E. Castaneda's motion to proceed *in forma pauperis*. Doc. 12. In light of Castaneda's current financial situation and severe medical conditions, the Court finds that the application should be granted.

This Court may dismiss a complaint filed *in forma pauperis* under 28 U.S.C. § 1915(e)(2)(B)(1) if the Court is "satisfied that the action is frivolous or malicious." A complaint is frivolous if it lacks an arguable basis in law or fact. *Denton v. Hernandez*, 504 U.S. 25 (1989). A complaint lacks an "arguable basis in law" if it is based on an indisputably "meritless legal theory," e.g., because defendants are absolutely immune from suit, or the complaint asserts a violation of a legal interest that does not exist, or the action is clearly barred by limitations. *See, e.g., Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995); *Alfred v. Corrections Corp. of America*, No. 09-30614, 2011 WL 2201188, *2 (5th Cir. June 7, 2011).

The Court may dismiss factual allegations that are "'clearly baseless,'" "'fanciful,'" or "'delusional.'" *Alfred*, 2011 WL 2201188 at *2 (citing *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992). "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Id.*, (citing *Denton*, at 33).

Here, Castaneda has filed a complaint against a diverse list of defendants including a Valero gas station attendant, an officer of the Texas Department of Public Safety, the Sheriff's Offices of two Texas counties, both the Governor and Secretary of State of Texas, and the United States Department of Justice in a case in which he seeks to overturn his DWI arrest and conviction in April, 2009 and recover damages for civil rights violations arising out of that conviction. *See* Doc. 1. Castaneda's collateral attack on his state-court conviction is not cognizable in this Court, nor has Castaneda alleged any set of facts that would suggest a violation of his civil rights committed by any named Defendant. The Court finds that Castaneda's complaint lacks any basis in law and therefore should be dismissed.

Conclusion

For the foregoing reasons, the Court hereby

**ORDERS** that Jaime E. Castaneda's motion to proceed *in forma pauperis* is **GRANTED** and orders the Clerk of Court to return his filing fee. Further, the Court

**ORDERS** that Jaime E. Castaneda's complaint is **DISMISSED** pursuant to § 1915(e) as frivolous.

SIGNED at Houston, Texas, this 19th day of January, 2012.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE